IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH D. ROBERTS, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:16-CV-01026 |
| | § | |
| THE CITY OF HOUSTON, TX; | § | JURY TRIAL DEMANDED |
| J.P. RODGERS, D. ORTEGA, | § | |
| D.A. SOLIS, and C. GRAHMANN, | § | |
| INDIVIDUALLY AND IN THEIR | § | |
| OFFICIAL CAPACITY | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES JOSEPH D. ROBERTS, JR., complaining of THE CITY OF HOUSTON, TX and J.P. RODGERS, D. ORTEGA, D.A. SOLIS, and C. GRAHMANN, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, and files his *Plaintiff's First Amended Original Complaint*[1] and will respectfully show the Court the following:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C.§ 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 167(a), to hear Plaintiff's state law claims.

2.   Venue is proper in this Court, under 28 U.S.C. § 1391 (b) because the incident at issue took place in Harris County, Texas within the United States Southern District of Texas.

---
[1] Per FRCP15(a)(1)(A), this amended complaint does not require leave of court because no responsive pleadings have been filed and the amended complaint is filed within 21 days after it was served on the Defendants.

## PARTIES

3. Plaintiff Joseph D. Roberts, Jr., Plaintiff is a resident of Harris County, Texas.

4. The City of Houston, Texas, (the "City") is a municipality existing under the laws of the State of Texas and is situated mainly in Harris County, Texas in the U.S. Southern District of Texas. It has been served or can be served with process at 61 Reisner, Houston, Texas 77002.

5. Defendant J.P. Rodgers is an individual and, on information and belief, a Houston Police Officer. He has been served or can be served with process at 61 Reisner, Houston, TX 77002.

6. Defendant D. Ortega is an individual and, on information and belief, a Houston Police Officer. He has been served or has been served or can be served with process at 61 Reisner, Houston, TX 77002.

7. Defendant D.A. Solis is an individual and, on information and belief, a Houston Police Officer. He has been served or can be served with process at 61 Reisner, Houston, TX 77002.

8. Defendant C. Grahmann is an individual and, on information and belief, a Houston Police Officer. He has been served or can be served with process at 61 Reisner, Houston, TX 77002.

## SUMMARY

9. Plaintiff suffered serious and debilitating injuries due to the negligence, assault and battery, excessive force, unlawful seizure/detention, and violations of Plaintiff's right to equal protection under the law, by officers of the Houston Police Department, who were acting in their official capacity as employees of the City.

10. The actions of the City and its employees was a violation of Plaintiff's constitutional rights, as well as a violation of the law of the State of Texas.

## BACKGROUND

11. On or about April 16, 2014, Plaintiff was riding in a car with a friend when one or more patrol cars, being driven by the individual defendants, who were each officers of the Houston Police Department (HPD Officers), signaled for the car to stop.

12. The driver of the vehicle, despite the pleas of the Plaintiff, refused to stop, evaded the HPD Officers, and ultimately ended up crashing into a drainage ditch in a residential neighborhood. The driver of the vehicle exited the vehicle, ran from the scene, and was quickly apprehended.

13. Plaintiff then exited the passenger side of the vehicle and raised his hands. At that moment, Plaintiff had to move forward to avoid being hit by a patrol car that was coming straight for him at a high rate of speed. As he avoided this vehicle, a second patrol car slammed into him, causing Plaintiff to be pulled under the vehicle. The driver of the second patrol car, Defendant J.P. Rogers, then placed the vehicle in reverse and drove back over the Plaintiff.

14. At all times, Plaintiff cooperated with the HPD Officers and did not resist or otherwise commit any crime, nor was there any probable cause that Plaintiff had committed any crime.

15. Despite being completely incapacitated and writhing in agony, Plaintiff was beaten, hog-tied, and handcuffed by one or more of the HPD Officers, who are individual defendants in this Case.

16. Despite suffering life-threatening injuries, the Plaintiff did not receive immediate medical attention. Plaintiff believes he was eventually transported by ambulance to one hospital

before being transported to Memorial Hermann Hospital in the Medical Center, where he believes he was admitted under the false name of James Rodgers. The officers then left the hospital. Contrary to police statements, Plaintiff was not arrested at this time, nor was any attempt made by the police officers to locate and inform his next of kin of where he was, or in what condition he was in. Plaintiff was finally able to contact his family to inform them of where he was and the severity of his condition. Plaintiff was forcibly discharged from Memorial Hermann Hospital on April 23, 2014 because of his lack of insurance.

17. These events were reported to the HPD Internal Affairs Department. To Plaintiff's knowledge, no officer has, as of yet, received any discipline for anything related to the negligence, assault and battery, excessive force, or wrongful detention at issue in this Case. Further, Plaintiff does not believe the internal affairs investigation was ever completed, or that his claims were substantially investigated, other than two Internal Affairs Department officers coming to his home to question him about the incident.

18. Plaintiff suffered serious and life-threatening injuries as a result of being run over twice by the patrol car driven by the HPD Officers; injuries including a broken pelvis, a ruptured hematoma in his groin, severe damage to his eyes, severe lacerations, and other injuries. Plaintiff is now largely dependent on a walker or cane to move.

19. The City of Houston is responsible for the discipline, training and well-established practices of its police officers.

20. The Houston Police Department has a long history of condoning and/or ratifying the excessive force of its officers and the use of high risk vehicle approach tactics, including those at issue in this case. The current case is one of several that show a pattern.

21. Charles Chukwu in 2008 and Trenton Garrett in 2009 were severely beaten at a Houston jail by City of Houston employees without valid reason. Despite there being, in both cases, a video of the incident clearly showing excessive force, no City of Houston employee was disciplined in either matter, even though internal affairs investigations were performed in both cases.

22. In 2010, Chad Holley, like the Plaintiff, was struck by a Houston police patrol car. He was then beaten by four police officers, despite the fact that, like the Plaintiff, he was not resisting. No attempt was made to stop the excessive force, no timely report of the use of force was ever filed, no officer reported any other officer for excessive force, and no attempt was made by the City to change the behavior of its officers.

23. In 2005, an HPD Officer named Thompson used a high-risk vehicle approach and excessive force against Timothy M. Thomas, who was unarmed. Mr. Thomas was shot by Officer Thompson, who claimed he was in fear of his life due to the innocent movements of Mr. Thomas. Despite the excessive force and the faulty high-risk vehicle approach, Officer Thompson did not receive any discipline.

24. In 2007, Brittanee King, then 17, was injured after a faulty high-risk vehicle approach by HPD Officer named Carraway, who was pursuing Ms. King due to suspicion of littering. When Ms. King exited her vehicle and made innocent movements, Officer Carraway left his position of cover and then shot and wounded the girl. Officer Carraway received no discipline or training, despite an IAD investigation.

25. Many other people have been injured by the excessive force and high risk vehicle approaches of Houston police officers.

## COUNT 1: CONSTITUTIONAL VIOLATIONS: HPD OFFICERS

26. Plaintiff incorporates all preceding paragraphs as if set fully set forth herein,

27. The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *US Const. Amend IV and XIV*. Such violations are actionable pursuant to 42 U.S.C. §§ 1983 and 1988.

28. The force used by the HPD Officers as referenced herein was in great excess to the need to use such force and constituted an Unreasonable Seizure of Plaintiff. The officers either perpetrated or failed to intervene to stop the excessive force and wrongful detention

29. At all times, the HPD Officers named herein were acting in the course and scope of their duties as employees of the City.

30. Force is excessive and violates the Fourth Amendment if it is not reasonable in light of the circumstances facing the officer. The actions of the HPD Officers as set forth herein was not reasonable.

31. Plaintiff was not armed and had his hands above his head when he was hit by the police car and nearly killed. He was incapacitated when the police car backed over him again. He did not, and could not resist (having suffered near fatal injuries) when he was beaten and restrained by the officers.

32. For these reasons, the actions of the HPD Officers violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and were the producing cause of his injuries.

## COUNT 2: CONSTITUTIONAL VIOLATIONS: CITY OF HOUSTON

33. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

34. The City has a custom, policy, practice and procedure of using excessive force on individuals and not disciplining, supervising, or training officers adequately and is therefore is liable under 42 U.S.C. §§ 1983 and 1988. The City does not have the policies and practices in place to prevent excessive force because of false arrests, detentions, and unsafe vehicle approaches.

35. The City's failure to properly hire, supervise, discipline, and train the police officers involved in the incident in this case constitutes gross negligence and conscious indifference to the rights of the Plaintiff.

36. Further, the City is liable for the actions of the police officer defendants because it has sanctioned the use of excessive force to carry out routine arrests and stops and has failed to adequately supervise and observe its officers. Consequently, the City's policy of overlooking excessive force and reckless and unreasonable conduct was a violation of the Fourth and Fourteenth Amendments and was the direct cause of Plaintiff's injuries.

## COUNT 3: ASSAULT AND BATTERY UNDER STATE LAW: HPD OFFICERS

37. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38. The HPD Officers assaulted Plaintiff using both the patrol car that struck him, as well as their own physical force. The assault was committed knowingly, intentionally, and/or recklessly and was the proximate cause of the injuries suffered by the Plaintiff.

39. None of the HPD Officers were privileged to take the actions set forth herein.

## COUNT 4: TEXAS TORT CLAIMS ACT: CITY OF HOUSTON

40. This is a claim brought under the Texas Tort Claims Act (TTCA), Texas Civil Practice & Remedies Code, chapter 101 only against the City.

41. Under the TTCA, the City waives its sovereign/governmental immunity for claims involving personal injury, death, or property damage caused by the negligent operation or use of a motor-driven vehicle or motor-driven equipment by the City's employee, if that employee would be personally liable to the Plaintiff under Texas law. Tex. Civ. Prac. & Rem. Code § 101.021 (1). This claim involves personal injury caused by the negligent operation or use of a motor-vehicle driven by the City's employee(s), and the employee(s) would be liable under Texas law.

42. No exception to the waiver of immunity applies to reinstate the City's sovereign/governmental immunity for this claim.

43. The City is a governmental unit that employed certain unidentified individuals as police officers.

44. At the time of Plaintiff's injury and while he was driving the patrol cars that struck the Plaintiff, the HPD Officers were acting in the course and scope of their employment and were carrying out proprietary, governmental functions.

45. The City owed a duty to the Plaintiff to ensure that its patrol cars were operated in a reasonably safe manner by its officers. The City, under the concept of Respondeat Superior, breached this duty when its officers failed to exercise reasonable care in the operation of the patrol cars and failed to avoid striking the Plaintiff; not once, but twice. The injuries to the Plaintiff arose directly from the use and operation of the patrol cars by one or more officers employed by the City.

46. The HPD Officer who was driving the vehicle that struck the Plaintiff would be personally liable to the Plaintiff under Texas law.

47. No exception to the waiver of immunity bars the Plaintiff's claim against any of the Defendants.

48. Written notice of Plaintiff's claim was provided to the City as required by the TTCA. Even had written notice not been provided, the City had actual notice of the claim and written notice was not required.

## SUPERVISORY LIABILITY

49. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

50. The HPD Officers who did not actually take place in the assault, but were aware of what was happening to Plaintiff, had a duty to supervise. Their failure to intervene constitutes a violation under U.S.C. §§ 1983 and 1988.

## DELIBERATE INDIFFERENCE

51. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

52. All the Unconstitutional actions and inactions of the HPD Officers were done with deliberate and conscious indifference to Plaintiff's Constitutional rights.

## CONSPIRACY

53. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

54. The HPD Officers acted in concert and conspiracy and therefore each is liable for Plaintiff's damages, regardless of the level of damages individually inflicted.

## DAMAGES

55. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

56. Plaintiff has sustained severe injuries as a result of the actions set forth above. These injuries are likely to lead to permanent disability and a lifetime of pain and suffering. Plaintiff seeks damages for his past and future medical expenses, past and future physical pain and mental anguish, loss of earning capacity, as well as exemplary damages.

## ATTORNEY'S FEES

57. Plaintiff is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURY TRIAL

58. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joseph D. Roberts, Jr., requests that the Court:

A. Enter a judgment for the Plaintiff and against the City of Houston, and the HPD Officers and award Plaintiff his damages;

B. Award Plaintiff his attorneys' fees and costs;

C. Award pre- and post-judgment interest;

D. Grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

Dated: May 20, 2016

      Respectfully submitted,

      **LAW OFFICES OF KEVIN MICHAEL MADDEN, P.L.L.C.**

      By: /s/ *Kevin M. Madden*_____

         Kevin M. Madden
         State Bar No. 24041376
         5225 Katy Freeway, Suite 520
         Houston, Texas 77007
         281-888-9681 Telephone
         832-538-0937 Facsimile
         E-mail: kmm@kmaddenlaw.com

      AND

      **LAW OFFICES OF RICHARD LEE DANIELS, PLLC**

      By: /s/ *Richard Lee Daniels*_____

         Richard Lee Daniels
         Texas Bar No. 00795311
         3203 Mercer Street
         Houston, Texas 77027
         Tel. 713-877-0800
         Fax. 713-877-0801
         Email: rdanielslaw@sbcglobal.net

         **ATTORNEYS FOR PLAINTIFF**